

**ORDERED in the Southern District of Florida on February 11, 2016.**

Robert A. Mark, Judge
United States Bankruptcy Court

___

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re: Angelica Pita                                    Case No: 14-11269
                                                        Chapter 13

_____Debtor_____/

### AMENDED[1] ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY DEUTSCHE BANK NATIONAL TRUST COMPANY (SERVICED BY OCWEN) XXXX7534

THIS CASE came to be heard on July 1, 2014 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 33; the "Motion").

Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the

___

[1] Amended to reflect the correct creditor, value, mortgage recording information, property address and legal

LF-92 (rev. 01/08/10)                    Page 1 of 3

Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at <u>11917 SW 110th Street Circle E, Miami, FL 33186</u>, and more particularly described as <u>LOT 24, BLOCK 11, DEVON-AIRE VILLAS, SECTION THREE, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 107, PAGE 13, PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA</u> is $ <u>125,000.00</u> at the time of the filing of this case.

    B.    The total of all claims secured by liens on the Real Property senior to the lien of <u>Deutsche Bank National Trust Company (Serviced by Ocwen Loan No: xxxx7534)</u> (the "Lender") is $ <u>218,415.00</u>.

    C.    The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $<u>0.00</u> and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    Lender has an allowed secured claim in the amount of $<u>0.00</u>.

3.    Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on <u>11/09/2006</u> at OR BOOK <u>25085</u> Page <u>4216</u> of the official records of <u>Miami-Dade</u> County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is

---

description as stated in the Motion to Value.

LF-92 (rev. 01/08/10)                Παγε 2 οφ 3

   dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

   __X__ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed; OR

   ____ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
Robert Sanchez, P.A.
355 West 49th Street
Hialeah, FL 33012
Tel: (305) 687-8008

Attorney _Robert Sanchez, Esq._ is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.

LF-92 (rev. 01/08/10)                    Page 3 of 3